

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| **RONNIE TERRELL and** | § | |
| **ANGELA TERRELL,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **V.** | § | **CASE NO. 1:09-CV-506** |
| | § | **1:10-CV-564** |
| **ACE EUROPEAN GROUP LIMITED,** | § | |
| **QUALITY CLAIMS SERVICE, INC.,** | § | |
| **AFFILIATED CLAIMS SERVICE, INC.,** | § | |
| **WAYNE MULLINS,** | § | |
| **THOMAS W. BENO, individually,** | § | |
| **d/b/a THOMAS BENO & ASSOCIATES,** | § | |
| **and d/b/a AFFILIATED CLAIMS** | § | |
| **SERVICE, INC.,** | § | |
| **HEIDI WILHELM,** | § | |
| **GREG BAKER, ACSI, INC.,** | § | |
| **WAYNE MULLINS, and** | § | |
| **QUALITY CLAIMS SERVICE, INC.,** | § | |
| | § | |
| *Defendants.* | § | |

## <u>MEMORANDUM OPINION AND ORDER ON REMAND</u>

Pursuant to 28 U.S.C. § 636 and the Local Rules for the United States District Court for the

Eastern District of Texas, the District Court referred this matter to the undersigned United States

Magistrate Judge, at Beaumont, Texas, for entry of findings and recommendation on case-

dispositive motions and determination of non-dispositive matters.[1]  Pending before the Court is the

plaintiffs' Motion to Remand (doc. #11), originally filed in Cause Number 1:10-CV-564.

## I.    Background

A.    Procedural History

*Terrell v. Ace European Group, Ltd. 1:09-CV-506 ("The First-Filed Case")*

Before the court is a set of facts leading to two separate lawsuits filed in state court, both

arising out of the same insurance claim.  The Court therefore has a unique background within which

to decide the pending motion to remand.  The undersigned will accordingly attempt to summarize

the convoluted procedural posture giving rise to the consolidation and remand issues before the

Court.

On June 2, 2009, plaintiffs Ronnie Terrell and Angela Terrell ("Plaintiffs" or "The Terrells")

filed their Original Petition in the 163rd Judicial District Court of Orange County, Texas, against

the following defendants: Ace European Group, Limited ("Ace"), Quality Claims Service, Inc.,

d/b/a QCS Claims, Inc. ("Quality"), Affiliated Claims Service, Inc. ("Affiliated"), and Wayne

Mullins.  *See Plaintiffs' Original Petition, filed as an Exhibit to Notice of Removal* (doc. #1) in

---

[1] 28 U.S.C. § 636 directs against magistrate judges disposing of claims or defenses absent the consent of all parties.  No definitive Supreme Court or Fifth Circuit decision ultimately holds that an order on a motion to remand is case-dispositive under the magistrate judge statute, 28 U.S.C. § 636.  Other courts, including United States Magistrate Judge Earl S. Hines in this district, have concluded that a magistrate judge may rule on a motion to remand at least when review by the District Judge is not foreclosed.  *See, e.g., Escuadra v. Geovera Specialty Ins. Co.*, No. 1:09-CV-974, 2010 WL 3633009, 2010 U.S. Dist LEXIS 94301 at *2-*4 (E.D. Tex. Sept. 9, 2010). As Judge Hines explained in *Escuadra*, both parties can secure district judge review of any order entered by the magistrate judge.  *Id.*  Furthermore, the Local Rules for the Eastern District provide that in the event a motion to remand is granted, the Clerk of Court shall not transmit the case file back to the state court any sooner than the twentieth day following entry of the order.  *See* E.D. TEX. R. CV-83(b).  This time period allows the parties to object to any ruling by the magistrate judge under 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72 before remand occurs.  Accordingly, this Court elects to issue an order rather than a report and recommendation on the remand issue.

Cause Number 1:09-CV-506, pending in the Eastern District of Texas. In their original petition in that case, the plaintiffs allege that their residence located in Orange County, Texas, sustained damage as a result of Hurricane Ike, which struck Southeast Texas in September 2008. Plaintiffs state that Ace sold them a policy which insured the premises against loss caused by hurricane and wind damage. The petition further avers that Ace assigned Defendant Affiliated to adjust the Terrells' claim. The plaintiffs also allege that Affiliated violated the Texas Insurance Code by engaging in unfair settlement practices and Affiliated conspired with other defendants to commit and committed common law fraud. *See Original Petition*, at pp. 5-7, 12-13.

On July 6, 2009, defendants Ace and Affiliated filed their *Notice of Removal* to this District Court, and the case was assigned number 1:09-CV-506. As grounds for removal, the defendants argued that the sole non-diverse defendant, Affiliated, was "fraudulently or improperly joined" and the amount in controversy exceeds the jurisdictional requirement. *See Notice of Removal* (doc. #1), filed in 1:09-CV-506.

The plaintiffs filed a motion to remand in the first-filed case, which this Court denied on February 23, 2010. *See Memorandum Opinion and Order re: Plaintiffs' Motion to Remand*, filed in 1:09-CV-506 (doc. #25). The undersigned applied the "factual fit"/Federal Rule of Civil Procedure 12(b)(6) legal standard previously utilized by this Court and other courts within the district in evaluating the improper joinder issue. *Id*. at 4-7. In summary, this Court concluded that the plaintiffs' state court petition provided no reasonable basis or factual fit supporting recovery against Affiliated. *Id.* at 13-14. The undersigned therefore found that Affiliated was improperly joined and denied remand. *Id.*

*Terrell v. Affiliated Claims Services, Inc., 1:10-CV-564 ("The Second Case")*

On July 30, 2010, the Terrells filed their Original Petition in the 163rd Judicial District Court of Orange County, Texas, against the following defendants: Affiliated Claims Service, Inc., Thomas W. Beno, individually, Thomas W. Beno d/b/a Affiliated Claims Service, Inc., Thomas W. Beno d/b/a Tom Beno & Associates, Thomas W. Beno d/b/a Beno & Associates, and Heidi Wilhelm. *See Plaintiffs' Original Petition, filed as Exhibit M to Notice of Removal* (doc. #1). According to the facts set forth in the petition, much like the first-filed case, plaintiffs contend that Hurricane Ike caused damage to their property in Orange County and they made a claim on their homeowners policy. The plaintiffs claim that defendant Wilhelm is an employee of Ace, and she assigned defendants Affiliated, Beno, Beno d/b/a Affiliated, Tom Beno & Associates, and Beno & Associates to adjust the plaintiffs' claims. The plaintiffs assert similar causes of action against the defendants as in the first-filed case. Specifically, they plead causes of action for violations of the Texas Insurance Code, Chapter 541 governing Unfair Settlement Practices, as well as for fraud and conspiracy to commit fraud.

The plaintiffs amended their pleading to add ACSI, Inc., Greg Baker d/b/a ACSI Inc., Ace, Wayne Mullins and Quality Claims Service, Inc., as party defendants. According to the docket, the live pleading is the Third Amended Complaint (doc. #35), filed January 24, 2011. The plaintiffs contend that ACSI, Baker, Quality and Mullins were also assigned by Heidi Wilhelm to adjust their claim. The Terrells accordingly have also asserted causes of action under Chapter 541 the Texas Insurance Code against these defendants, as well as claims for fraud and conspiracy to commit fraud.

On September 13, 2010, the defendants collectively filed their Notice of Removal/Intervention (doc. #1) in this United States District Court. In support of removal to federal court, the defendants contend "that removal is proper based on supplemental jurisdiction granted by 28 U.S.C. 1367(a)." The defendants reference the first-filed case and argue that the Court should exercise its jurisdiction established in that case, 1:09-CV-506, and assert supplemental jurisdiction over the claims in this proceeding originally filed by the plaintiffs in state court. The defendants argue that "[t]his case stems from Plaintiffs' frivolous attempts to obtain coverage under an insurance policy written by a foreign, international insurer. Therefore, the proper place to litigate this matter is in federal court, along with the first lawsuit." *See Notice of Removal/Intervention*, at p. 9. Defendants further state:

> "Beno, Wilhelm, and Affiliated were haled into court involuntarily. In fact, this is the second time that Affiliated has been haled into court involuntarily, despite a complete lack of involvement in Plaintiffs' claims. Accordingly, this matter should be retained by the U.S. District Court for the Eastern District of Texas and be joined with the first lawsuit, currently pending before Honorable Judge Crone and U.S. Magistrate Judge Giblin, to allow these Defendants to seek the relief they are entitled to."

*Id.* at p. 10.

The defendants filed their original answers to the plaintiffs' various pleadings. The defendants have also counterclaimed for attorneys fees against the Terrells, claiming that the instant, second-filed lawsuit is frivolous. *See Defendants' Answers and Counterclaims*.

As in the first-filed case, the Terrells filed a motion to remand. On the same day, October 13, 2010, the Terrells also filed a motion to consolidate the two cases, and a memorandum in support. The motion to remand is still pending.

B.     Specific Pled Claims and Facts

*The First-Filed Case*

The plaintiffs' pleadings are similar in both the first-filed case and the second case. In 1:09-CV-506, the plaintiffs first filed their Original Petition in the 163rd Judicial District Court of Orange County, Texas, against the defendants Ace, Quality, Affiliated, and Mullins. *See Plaintiffs' Original Petition, filed with Notice of Removal*. According to the facts set forth in the Original Petition, the Terrells reside in Orange County, Texas. *See Original Petition*, at p. 2. Defendant Ace is an insurance company with a principal place of business outside of Texas. Quality is a company registered to engage in the business of adjusting insurance in Texas. Defendant Affiliated is a company registered to engage in the business of adjusting insurance in Texas. Mullins is a resident of Louisiana. Quality, Affiliated, and Mullins were assigned to adjust the plaintiffs' claim. *Id.* at p. 4. According to the defendants' *Notice of Removal*, Ace is a foreign corporation registered in the United Kingdom, Quality is a Louisiana corporation, Mullins is a Louisiana citizen, and Affiliated has Texas citizenship. *See Notice of Removal,* at p. 1. It is undisputed in the first-filed case that Affiliated is a non-diverse defendant.

The plaintiffs are the owners of a Texas Homeowners' Insurance Policy issued to them by Ace for coverage of their insured property located at 310 Dobbyn, Bridge City, Texas. *See Original Petition,* at p. 4. The plaintiffs own the insured property, which is located in Orange County, Texas, in the Eastern District of Texas. *Id.*

On September 12th through September 13th, 2008, Hurricane Ike struck the area, and the plaintiffs' insured property sustained wind damage and water damage as a result of the hurricane. *Id.* The plaintiffs also state that a chainlink fence was damaged when a tree fell across it as a result of the storm, a storage shed incurred damages, and the plaintiffs sustained damage to their personal belongings and contents. *Id.* Accordingly, immediately after the storm, the Terrells filed an insurance claim with Ace for the damages caused by the hurricane. *Id.* Specifically, the plaintiffs submitted a claim against the policy for roof damage, water damage, wind damage, structural damage and contents damage to the property and accordingly requested that Allstate cover the cost of repairs to the property pursuant to the policy. *Id.* The plaintiffs contend that Ace assigned Quality, Affiliated and Mullins to adjust its claims. *Id.*

The Original Petition goes on to allege that Ace wrongfully handled the plaintiffs' claim in a number of ways, including wrongfully denying the request for repairs, even though the policy covered those losses; underpaying plaintiffs' claim; "under scoping" of the damages during the investigation of the claim; and continuing to delay the payment for damages to the property. *Id.* at pp. 4-5. Plaintiffs further alleges that Ace failed to perform its contractual duties under the policy by failing to pay the full proceeds of the policy and failing to adequate compensate the plaintiffs. *Id.* at p. 5.

As for the adjuster defendants - Quality, Affiliated and Mullins - the plaintiffs contends that they, along with Ace, misrepresented that the damage to the property was not covered under the policy, even though the damages were caused by a covered occurrence. *Id.* Plaintiffs further aver that Ace and the adjuster defendants failed to make an attempt to settle the plaintiffs' claim in a fair manner, although they were aware of their liability to plaintiffs under the policy. *Id.* Plaintiffs also

claim that Ace, Quality, Affiliated and Mullins failed to explain the reasons for their offer of an inadequate settlement, failed to offer adequate compensation without explanation, failed to communicate that any future settlements or payments would be forthcoming, failed to affirm or deny coverage within a reasonable time, refused to fully compensate the plaintiffs under the policy and failed to conduct a reasonable investigation of the claim and performed an outcome-oriented investigation which resulted in a biased, unfair and inequitable evaluation of the plaintiffs' losses. *Id*. at pp. 5-6.

Based upon these alleged facts, the plaintiffs asserted the following causes of action. Against Mullins, Affiliated and Quality, they claim violations of the Texas Insurance Code, Section 541.060(a) by engaging in unfair settlement practices. *See Original Petition*, at pp. 8-11. They also assert causes of action for fraud and conspiracy to commit fraud against all defendants. *Id.* at pp. 11-22.

In the original motion to remand in the first-filed case, only the claims against Affiliated were put at issue because the removal was based on an allegation of improper joinder of that non-diverse defendant. As discussed below, the Court will revisit this issue and focus solely on those causes of action against Affiliated.

*Second Case*

In the second case, the plaintiffs' causes of action are very similar to those originally asserted in the first-filed case. Specifically, they plead causes of action for violations of the Texas Insurance Code, Chapter 541 governing Unfair Settlement Practices, as well as for fraud and conspiracy to commit fraud. Against the non-diverse defendants - Beno, Wilhelm, and Affiliated - plaintiffs set forth causes of action alleging violations of Sections 541.060(a)(1), (a)(2), (a)(3),

(a)(4) and (a)(7) of the Texas Insurance Code. The allegations against Beno, Wilhelm and Affiliated are substantively identical to those described above in the first-filed case against Mullins, Affiliated, and Quality, but with more detail. *See Plaintiffs' Original Petition, filed as an Exhibit to Notice of Removal/Intervention in 1:10-CV-564* (doc. #1). Accordingly, the Court will not restate the claims verbatim at this point, but refers in general to the description set forth above in the first-filed case and incorporates the Original Petition filed in the second case in support.

C.     Removal and Motion to Remand

In 1:10-CV-564, the defendants filed their Notice of Removal/Intervention premised on supplemental jurisdiction under 28 U.S.C. § 1367. Defendants specifically contend that "[r]emoval in this matter is proper based on supplemental jurisdiction granted by 28 U.S.C. § 1367(a)." *See Notice,* at p. 6. The defendants' Notice of Removal/Intervention then discusses why the Court should exercise supplemental jurisdiction, contending that the Terrells' lawsuits should be "joined" and "retained" by the United States District Court for the Eastern District of Texas. *Id.* at p. 10. Accordingly, the defendants' notice of removal does not specifically allege improper joinder of the non-diverse defendants, but contends that the plaintiffs' allegations against those defendants are frivolous. 28 U.S.C. § 1367 is the sole statutory basis cited by defendants in support of removal and federal jurisdiction, premised upon the Court's diversity jurisdiction in the first-filed case.

The current motion to remand is pending in the second case, 1:10-CV-564. The plaintiffs' Amended Motion to Remand and Supporting Memorandum (doc. #11) generally contend that the case should be remanded, arguing that the Court lacks subject matter jurisdiction because there is no diversity jurisdiction.

The plaintiffs explain that

> "Defendants removed this case to Federal Court on September 13, 2010, on supplementary jurisdiction grounds. The Plaintiffs have asked this Court to consolidate causes 109-CV-506 [and] 10:CV-564. However[,] by adding these parties by supplementary jurisdiction grounds, the Defendants loss [sic] diversity which requires this court to remand this matter for lack of jurisdiction caused by the Defendants joining non-diverse Defendants to this matter. Once a non-diverse defendant is added, the court's diversity jurisdiction is destroyed, and the case must be remanded."

*See Amended Motion to Remand and Supporting Memorandum*, at pp. 3-4. The plaintiffs go on to allege that the Court does not have subject matter jurisdiction because there is not complete diversity as the defendants are domiciled in Texas. *Id.* at p. 5. The plaintiffs then address the improper joinder analysis, asserting that valid causes of action exist against Wilhelm, Affiliated, and Beno, accordingly arguing that the defendants cannot establish diversity jurisdiction and the case should be remanded to state court. *See id.* at pp. 7-12.

The defendants collectively responded to the motion to consolidate and motion to remand in the second case. *See Defendants' Response to Plaintiffs' Motion to Consolidate and Motion to Remand* (doc. #12) and *Supplemental Memorandum in Opposition to Plaintiffs' Motion to Consolidate and Motion to Remand* (doc. #18). The defendants contend that the plaintiffs "completely ignore the fact this Court previously addressed on the lack of factual fit between Plaintiffs' allegations and the pleaded theory of recovery as to Affiliated." *See Response*, at p. 4. The defendants further argue that the plaintiffs have attempted to thwart this Court's jurisdiction by filing another motion to remand in the second case and requesting consolidation of both of the

Terrells' cases. *See Supplemental Response,* at p. 5. Defendants contend that the non-diverse defendants in the second case are fraudulently joined, the plaintiffs' motions "are a thinly veiled effort to manipulate the court rules and to circumvent this Court's Order in this manner." *Id.* at p. 6. The defendants go on to argue that the plaintiffs have manipulated civil procedure in an effort to defeat diversity jurisdiction, citing several cases. *Id.* at pp. 8-12. Finally, defendants argue that removal of the second case is proper based on supplemental jurisdiction under 28 U.S.C. § 1367(a), contending that the Court retains jurisdiction over the second case. *Id.* at pp. 12-13.

The plaintiffs replied to the defendants' responses, arguing that the Court should consolidate both cases and remand them to Orange County because the defendants have failed to establish complete diversity or show improper joinder. *See Plaintiffs' Reply*, at p. 4. The plaintiffs further argue that because the defendants removed the second case by citing supplementary jurisdiction grounds, "the Defendants lost diversity which requires this court to remand this matter for lack of subject matter jurisdiction caused by the Defendants joining non-diverse Defendants to this matter." *Id.* at p. 3. The plaintiffs also point out that whether the defendants are Texas companies or Texas citizens is undisputed because Affiliated, Wilhelm and Beno are all Texas citizens or companies. *Id.*

Rather than discuss the briefs verbatim, for the sake of efficiency the Court will refer to them as needed in its analysis below.

D.    Post-Removal Amendment

Because the remand analysis turns on the plaintiffs' pleadings, the Court notes that the plaintiffs amended their pleadings in 1:10-CV-564 after removal to this Court. The live pleading is the Third Amended Complaint, filed January 24, 2011. The amendment of the plaintiffs' claims

-11-

does not affect the Court's analysis on the motion to remand. The Original Petitions filed in each case in the 163rd District Court of Orange County were the live pleadings *at the time of removal* in both cases, on July 6, 2009, and September 13, 2010, respectively. This procedural posture is relevant under the remand analysis, discussed *infra.*

E.    Consolidation and Effect on Remand Analysis

On May 23, 2011, the undersigned issued a *Report and Recommendation Re: Plaintiffs' Motion to Consolidate* (doc. #49) in the second case. This Court recommended that the District Court grant the plaintiffs' motion and consolidate the two cases into the first-filed Case, 1:09-CV-506. No party objected to this recommendation. On June 16, 2011, the District Court entered an order adopting the report and consolidating the two cases into the first-filed case, 1:09-CV-506. Accordingly, the two cases are in the unique position of being consolidated with a motion to remand pending only in the second case.

Consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, change the rights of the parties, or make those who are parties in one suit parties in another. *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97, 53 S. Ct. 721, 77 L. Ed. 1331 (1933); *see also McKenzie v. United States*, 678 F.2d 571 (5th Cir. 1982) ("consolidation does not cause one civil action to emerge from two; the actions do not lose their separate identity; the parties to one action do not become parties to the other.") Consolidation therefore does not merge the cases into one lawsuit. 8 James Wm. Moore et al., Moore's Federal Practice § 42.13[3] (3d ed. 2011) (citing *Johnson*, 289 U.S. at 296-97; *Katz v. Realty Equities Corp.*, 521 F.2d 1354, 1358 (2d Cir. 1975)).

Because consolidation does not alter the rights of the parties or make a party in one suit parties to both suits automatically solely by virtue of the consolidation, the pending motion to remand does not automatically apply to both cases. Likewise, the Court does not automatically gain or lose jurisdiction over both cases just by virtue of consolidation. *See, e.g., Bristol-Myers Squibb Co. v. Safety Nat'l Cas. Co.*, 43 F. Supp. 2d 734, 745 at n.24 (E.D. Tex. 1999) (Hines, J.) ("[courts] have consistently held that consolidation of a case lacking a jurisdictional basis with one that is jurisdictionally proper cannot cure a case's jurisdictional infirmities") (citing *McKenzie*, 678 F.2d at 574). As this Court already stated in the report on the motion to consolidate, it would be improper for the Court to remand both causes of action upon consolidation solely based on the motion to remand filed in the second case prior to consolidation. The Court will therefore address its jurisdiction over both cases separately. *See, e.g., McKenzie*, 678 F.2d at 574 (consolidation of two lawsuits, in one of which the district court lacked jurisdiction, did not necessarily give the district court subject matter jurisdiction over both). As explained herein, the undersigned will conduct the remand analysis for both cases in turn.

## II.    Discussion:  Relevant Legal Standards

### A.    Jurisdiction and Remand Procedure

This Court is of limited jurisdiction and may hear a case only when jurisdiction is both authorized by the United States Constitution and confirmed by statute. *Owen Equip. Co. v. Kroger*, 437 U.S. 365, 371 (1978); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *In re Bissonnet Invs. L.L.C.*, 320 F.3d 520, 525 (5th Cir. 2003). It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Kokkonen*, at 377.

Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)). Federal courts have subject matter jurisdiction and are authorized to entertain causes of action only where a question of federal law is involved or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331, 1332. In cases where, as here, there is no federal question involved, subject matter jurisdiction exists only if there is complete diversity among the parties and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332, *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 294 (5th Cir. 2010). Title 28, United States Code, Section 1441(b) permits a defendant to remove an action to federal court based on diversity of citizenship.[2]

The removing party bears the burden of showing that federal jurisdiction exists and removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.), *cert. denied,* 516 U.S. 865 (1995); *see also DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3, 126 S. Ct. 1854, 164 L. Ed. 2d 589 (2006) (the party asserting federal jurisdiction when it is challenged has the burden of establishing it); *Peoples Nat. Bank v. Office of Comptroller of Currency of U.S.*, 362 F.3d 333, 336 (5th Cir. 2004) (citing *Pettinelli v. Danzig,* 644 F.2d 1160, 1162 (5th Cir.1981)). The removing party's burden is a "heavy" one. *See Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751

---

[2] "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*" Title 28, United States Code, Section 1441(b) (emphasis added).

(5th Cir. 1996). Ambiguities and doubts should be construed against removal because the removal statute should be strictly construed in favor of remand. *Manguno*, at 723. When determining whether jurisdiction is present and removal is proper, the Court is to consider the claims as alleged in the state court petition as they existed at the time of removal. *Id.* Because the petition as filed in state court controls the inquiry, post-removal filings may not be considered when or to the extent that they present new causes of action or theories. *First Baptist Church of Mauriceville v. Guideone Mutual Insurance Co.*, No. 1:07-CV-988, 2008 U.S. Dist. LEXIS 75961 at *9-*10, 2008 WL 4533729 (E.D. Tex. Sept. 29, 2008) (Hines, J.) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999); *Cavallini v. State Farm Mut. Auto Ins. Co,* 44 F.3d 256, 264 (5th Cir. 1995)).

Complete diversity of citizenship must exist between all plaintiffs and all defendants to establish federal subject matter jurisdiction. *See Strawbridge v. Curtiss*, 7 U.S. 267, 2 L. Ed. 435 (1806); *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992). Simply stated, "all the parties on one side must be citizens of the state in which the suit is brought, and all the parties on the other side must be citizens of some other state or states." *Louisville C. & C.R. Co. v. Letson,* 43 U.S. 497, 500 (1844). Only citizenship of properly joined parties can establish federal subject matter jurisdiction. *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc), *cert. denied* 544 U.S. 992 (2005).

In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004) ("[c]hallenges to subject-matter jurisdiction can of course be raised at any time prior to final judgment"); *McDonal v. Abbott Labs*., 408 F.3d 177, 182 (5th Cir. 2005). Title 28, United

States Code, Section 1447(c) authorizes motions to remand to the state court if the removal was defective.[3]

B.    Improper Joinder

In the cases at bar, complete diversity is lacking because at the time of removal there was at least one non-diverse defendant in each of the cases. Thus, to establish the existence of diversity jurisdiction, defendants must show that the non-diverse defendants were improperly or fraudulently joined to this action. *See Heritage Bank v. Redcom Labs., Inc*., 250 F. #d 319, 323 (5th Cir.), *cert. denied* 534 U.S. 997 (2001). The doctrine of improper joinder prevents defeat of federal removal jurisdiction premised on diversity by the presence of an improperly joined, non-diverse defendant. *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). Citizenship of an improperly joined party is totally disregarded in determining the court's subject matter jurisdiction. *Smallwood*, 385 F.3d at 572. In *Smallwood,* the Fifth Circuit stated that "the doctrine of improper joinder rests on these statutory underpinnings, which entitle a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Id*. at 573. Since the purpose of the improper joinder inquiry is to determine whether the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiffs' case. *Id.* Given this focus, *Smallwood* recognized two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* Quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003).

---

[3]    "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Title 28, United States Code, Section 1447(c).

The removing party who claims improper joinder must prove that the plaintiff's petition fails to establish a valid cause of action against the non-diverse party. *Id.* In other words, the removing party must prove that there is no reasonable possibility that the plaintiff will be able to establish a cause of action against the party in state court. *Id.* This approach focuses on whether the plaintiff has asserted a valid state-law cause of action against the non-diverse defendant. *Id.* As the Fifth Circuit further explained in *Smallwood*, the test for determining the ability of the plaintiff to establish a cause of action against the non-diverse party in state court hinges upon there being "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. Put another way, "there must be a *reasonable* possibility of recovery, not merely a *theoretical* one." *Menendez v. Wal-Mart Stores*, No. 09-40993, 364 F. App'x 62, 2010 U.S. App. LEXIS 2139 at *17, 2010 WL 445470 (5th Cir. Feb. 1, 2010) (quoting *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)) (emphasis and quotation marks in original). The determination of improper joinder must be based on an analysis of the causes of action alleged at the time of removal. *See Cavallini*, 44 F.3d 264. The court must evaluate all the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff and construe all disputed questions of fact and ambiguities of law in the plaintiff's favor. *See Ross v. Citifinancial, Inc.*, 344 F.3d 458, 463 (5th Cir.), *cert. denied* 546 U.S. 813.

In determining whether there is a reasonable basis to predict the plaintiff might recover against a defendant under state law, a court may resolve the issue in one of two ways. *Smallwood*, 385 F.3d at 573. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the

allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. *Id.*

There are cases, however, in which a further summary inquiry is appropriate to "identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id*. at 573-74. The scope of the inquiry for improper joinder, however, is broader than that for Rule 12(b)(6) because the court may 'pierce the pleadings' and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim." *Campbell*, 509 F.3d at 669 (citing *Ross v. Citifinancial, Inc.*, 344 F.3d at 462); *see also Travis*, 326 F.3d at 648-49. The decision to pierce the pleadings is discretionary. *Smallwood*, 385 F.3d at 573; *see also McKee v. Kansas City Southern Ry. Co.*, 358 F.3d 329, 334 (5th Cir. 2004); *Travis*, 326 F.3d at 649. The court may consider summary judgment-type evidence such as affidavits "to the extent that the factual allegations in...affidavit[s] clarify or amplify the claims actually alleged in the...petition." *Griggs*, 181 F.3d at 700 (internal quotation marks omitted). In doing so, the court must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff. *Menendez*, 2010 U.S. App. LEXIS 2139 at *18 (quoting *Travis*, 326 F.3d at 649). Any ambiguities in state law or contested fact issues must be resolved in favor of the plaintiff. *Id.* Furthermore, the court must distinguish an attack on the overall merits of the case from a showing that the defendants were improperly joined. *See Smallwood*, 385 F.3d at 573. A meritless claim against a non-diverse defendant is not the equivalent of improper joinder. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007).

This Court focuses the inquiry on whether the plaintiffs' state court petition provides a reasonable basis to predict that they may recover against the in-state defendants under Texas law. *Smallwood*, 385 F.3d at 573-74. As stated herein, the petition as filed in the state court at the time of removal controls the inquiry. *See Cavallini*, 44 F.3d at 264. If the pleading reveals a reasonable basis of recovery on just one cause of action, the court must remand the entire suit to state court. *See Grey v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004); *see also Edwea, Inc. v. Allstate Ins. Co.*, No. H-10-2970, 2010 WL 5099607, 2010 U.S. Dist. LEXIS 129582 at *6 (S.D. Tex. Dec. 8, 2010) (citing *Rubin v. Daimlerchrysler Corp.,* No. Civ. A. H044021, 2005 U.S. Dist. LEXIS 42102, 2005 WL 1214605, at *2 (S.D. Tex. May 20, 2005) (citing *Griggs*, 181 F.3d at 700; *Alonso ex. rel. Estate of Cagle v. Maytag Corp.*, 356 F. Supp. 2d 757, 761 (S.D. Tex. 2005)).

C.     Pleading Requirements and Improper Joinder

In evaluating a plaintiffs' petition and the facts alleged therein for purposes of determining improper joinder, this Court has previously utilized a Rule 12(b)(6) analysis, applying the federal pleading standards articulated by the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and *Ashcroft v. Iqbal*, __U.S.__, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Specifically, the Court used this standard in its previous remand analysis in the first-filed case. *See Memorandum Opinion and Order Re Plaintiffs' Motion to Remand*, filed February 23, 2010.

In *Twombly* and *Iqbal*, the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). As other courts have recognized, there is a tension between the federal pleading-sufficiency standard and the more liberal Texas notice

pleading rules. *See First Baptist Church*, 2008 U.S. Dist. LEXIS 75961, 2008 WL 4533729, at *4, n.6; *see also Centro Cristiano Final, Inc. v. Ohio Cas. Ins. Co.*, No. H-10-1846, 2011 WL 240335, 2011 U.S. Dist. LEXIS 6541 at *44-*45 (S.D. Tex. Jan. 20, 2011) ("[t]he issue of improper joinder here is complicated by the substantial difference in pleading standards between Federal and Texas Rules of Civil Procedure. Pleading standards are far more lenient in Texas state court [.]")

In contrast, Texas follows a "fair notice" standard for pleading, which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000). A petition is sufficient if it gives fair and adequate notice of the facts upon which a pleader bases his claim. *Id.* The purpose of this rule is to give the opposing party information sufficient to enable him to prepare a defense. *Id.* The test of the "fair notice" pleading requirement is whether an opposing attorney of reasonable competence, with pleadings before him, can ascertain [the] nature and basic issues of controversy and testimony probably relevant. *City of Alamo v. Casas*, 960 S.W.2d 240, 251 (Tex. App.–Corpus Christi 1997, pet. denied). A petition is sufficiently pled if one can reasonably infer a cause of action or defense from what is specifically stated. *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993). Under Texas law, a pleading is liberally construed in favor of the pleader. *Id.* at 602.

Since issuing the order denying remand in the first-filed case, this Court has reevaluated the analysis on the improper joinder issue based on the application of Texas pleading standards. Review of more recent cases issued by district courts within this Circuit - specifically other courts dealing with a heavy Hurricane Ike docket and faced with many of the same issues - caused the undersigned to rethink the analysis as set forth in other recent cases before this Court. *See, e.g,*

*Myers v. Allstate Texas Lloyd's*, No. 1:10-CV-172, 2011 U.S. Dist. LEXIS 23081 (E.D. Tex. March 8, 2011) (Giblin, J.). Closer consideration of the pleading standards in the context of the improper joinder analysis lead the Court to conclude that the Texas notice pleading requirements should apply.

As guidance, this Court looks to United States District Judge Lee Rosenthal's opinion in *Edwea, Inc. v. Allstate Ins. Co.*, No. H-10-2970, 2010 WL 5099607, 2010 U.S. Dist. LEXIS 129582 (S.D. Tex. Dec. 8, 2010). After a thorough evaluation of the case law on the issue, Judge Rosenthal concluded that "neither *Smallwood* nor *Griggs* requires a district court to test the sufficiency of a state court petition under *Twonbly* and *Iqbal* in conducting an improper joinder analysis when the state-court pleading standards are more lenient." *Edwea*, 2010 U.S. Dist. LEXIS 129582 at *18. In support, the *Edwea* court points out that "the majority of courts have held that a federal court should not look to the federal standard for pleading sufficiently under Rule 8 and 12(b)(6) to determine whether the state-court petition provides a reasonable basis for predicting that the plaintiff could recover against the in-state defendant at least when, as here, the state pleading standard is more lenient." *Id.* 2010 U.S. Dist. LEXIS 129582 at *12-*13. Judge Rosenthal then goes on to cite approximately thirteen other cases in support. *Id.* at *13-*16. She also points out that the oft-cited statement from *Griggs* requiring a "factual fit" between the plaintiffs' allegations and the pled theory of recovery was not made in the context of a Rule 12(b)(6) analysis of an improper joinder argument, but rather was made in the context of the summary judgment-like procedure sometimes utilized in improper joinder cases. *Id.* at *11-*12. Judge Rosenthal explains that *Griggs*, like *Smallwoo*d , was decided pre-*Twombly* and pre-*Iqbal*, and *Griggs* does not actually provide guidance on whether the federal pleading standard applies to a motion to remand based on

improper joinder when that motion is analyzed based solely on the state-court petition. *See id.* at *12.

This approach seems the most practical, as applying the *Iqbal* federal pleading standard to the improper joinder analysis makes little sense given that the plaintiffs filed the action in state court and was not required to comply with federal pleading standards at the time of filing. *See id.* at *18 (quoting *Kongelf v. Sears Holding Corp.*, No. 4:09-cv-038, 2010 U.S. Dist. LEXIS 58323, 2010 WL 1977833, at *3 (D.N.D. Apr. 7, 2010)); *see also Murphy v. Broyhill Furniture Indus., Inc.*, 3:09-CV-2092, 2009 U.S. Dist. LEXIS 46704, 2009 WL 1543918, at *5 (N.D. Tex. June 2, 2009) ("The central issue is the adequacy of the claim against [the defendant] under Texas law. If Defendants wish to challenge the specificity of Plaintiffs' allegations, they must do so in state court.") Because the original petition here was pled in state court in accordance with the Texas pleading standard, it would be unfair to hold it to the more stringent standard in federal court. *See Centro Cristiano*, 2011 U.S. Dist. LEXIS 6541 at *48. United States District Judge Marcia A. Crone, the District Judge assigned to the instant cases, also recently applied the Texas pleading standard. *See, e.g., Williams v. Williams*, No. 1:10-CV-783 (E.D. Tex. March 9, 2011) (doc. #16); *Simon v. State Farm Lloyds*, No. 1:10-CV-821 (E.D. Tex. April 1, 2011) (doc. #9). Accordingly, the court will consider the Texas fair notice pleading standard rather than the stricter Rule 8/*Iqbal*/*Twombly* federal pleading standard when reviewing the sufficiency of plaintiffs' claims as pled in the Original Petition under the *Smallwood* improper joinder analysis.

> D.    Improper Joinder Analysis Applies to Claims in Original Petition, not Amended Complaint

As discussed above, the plaintiffs amended their complaint after removal in the second case. Case law dictates that a post-removal amendment does not affect the Court's analysis of the

plaintiffs' claims in the Original Petition for purposes of determining improper joinder as alleged by the defendants.

Jurisdiction is fixed at the time of removal. *See Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996). In order to determine whether jurisdiction is present in a removed action, the claims set forth in the state court petition are considered as of the date of removal. *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998); *Campbell*, 509 F. 3d at 669 n.2. Because jurisdiction is generally determined at the time suit is filed, most post-removal developments – amendment of pleadings to below jurisdictional amount or change in citizenship of a party – will not divest the court of jurisdiction. *See Santander Consumer USA Inc. v. Manheim Automotive Fin. Svcs., Inc.*, 652 F. Supp. 2d 805, 809-810 (W.D. Tex. 2009) (quoting *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987)). The existence of federal subject matter jurisdiction is determined at the time of removal and a complaint amended post-removal cannot divest a federal court of jurisdiction. *See Hamp's Constr. LLC v. Tag-Mississippi Enters., LLC,* No. 09-4256, 2009 WL 2356671, 2009 U.S. Dist. LEXIS 70122 at *6 (E.D. La. July 27, 2009) (citing *Doddy*, 101 F.3d at 456; *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292, 58 S. Ct. 586, 82 L. Ed. 845 (1938)).

When considering whether a non-diverse party is properly joined to a suit, a district court must consider the facts as set forth in the state court petition *on the date of removal*. *Ford v. Prop. & Cas. Ins. Co. of Hartford*, No. H-09-1731, 2009 WL 482522, 2009 U.S. Dist. LEXIS 114750, at *4 (S.D. Tex. Dec. 9, 2009) (emphasis in original) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537, 59 S. Ct. 347, 83 L. Ed. 334 (1939); *Cavallini*, 44 F.3d at 264 ("[I]t would have been futile to grant the motion [to amend], because a complaint amended post-removal cannot divest a federal court of jurisdiction.")). The fraudulent joinder doctrine does not apply to joinders that occur *after*

an action is removed.  *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009) (quoting *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999)) (emphasis in original). Instead, the doctrine permits courts to ignore "only those non-diverse parties *on the record in state court at the time of removal*." *Id*.  Quoting *Cobb*, 186 F.3d at 677 (emphasis in original).  *Id*.  The *Cobb* court reasoned that, when a non-diverse defendant is named in an original state court action to prevent removal, the diverse defendant has no opportunity to contest joinder before it occurs and must rely upon the fraudulent joinder doctrine.  *Id.*  Citing *Cobb*, at 678.  Also, in *Cavallini*, the Fifth Circuit explained the rationale supporting the "time of removal" rule:

> "[t]he rationale for determining removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal is obvious.  Without such a rule, disposition of the issue would never be final, but would instead have to be revisited every time the plaintiff sought to amend the complaint to assert a new cause of action against the nondiverse defendant, all at considerable expense and delay to the parties and the state and federal courts involved.  Limiting the removal jurisdiction question to the claims in the state court complaint avoids that unacceptable result, and permits early resolution of which court has jurisdiction, so that the parties and the court can proceed with, and expeditiously conclude, the litigation."

*Cavallini,* 44 F.3d at 264.  Accordingly, as explained in the *Ford* case, the plaintiffs' amended complaint is of no import to the present improper joinder analysis.  *See Ford*, 2010 U.S. Dist LEXIS 114750 at *4.  Instead, the court will consider the allegations as set forth in the plaintiffs' Original

Petition on the date of removal. *Id*. at *4-*5 (citing *Pullman*, 305 U.S. at 537, 59 S. Ct. 347; *Cavallini*, 44 F.3d at 264).[4]

E.      Supplemental Jurisdiction

28 U.S.C. § 1367(a) provides, in relevant part:

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

As the Fifth Circuit explained in *Halmekangas v. State Farm Fire and Casualty Company*, Section 1367 allows federal courts to hear state claims that travel with federal claims in the same lawsuit. *Halmekanga*s, 603 F.3d at 293. It grants supplemental jurisdiction over state claims that do not independently come within the jurisdiction of the district court but form part of the same Article III case or controversy. *Id.* Quoting *State Nat'l Ins. Co. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004). The question under section 1367(a) is whether the supplemental claims are so related to the original claims that they derive from a common nucleus of operative fact. *See id.* Quoting *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008).

---

[4]Much of the precedent discussing the principal of considering the pleadings at the time of removal goes on to explain that "[i]n contrast, a diverse defendant [that the plaintiff attempts to add post-removal] can argue that a *post-removal* joinder is improper *before* the court grants the plaintiff leave to amend." *Borden*, 589 F.3d 168 (citing *Cobb*, 186 F.3d at 677). Courts also explain that a plaintiff's request to join a non-diverse defendant *after removal* of an action is to be resolved in accordance with 28 U.S.C. § 1447(e) and the factors enunciated by the Fifth Circuit in *Hensgens v. Deere & Co*, 833 F.2d 1179 (5th Cir. 1987). *See Santander Consumer USA Inc. v. Manheim Automotive Fin. Svcs., Inc.,* 652 F. Supp. 2d 805, 809-810 (W.D. Tex. 2009) (if after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject-matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the Sate court); *Humphries v. Kroger Co.*, No. 5:06-CV-2, 2007 WL 533724, 2007 U.S. Dist. LEXIS 11305 (S.D. Miss. Feb. 15, 2007). These considerations do not apply here because the parties were non-diverse at the time of removal in both cases.

While Section 1367 permits a federal court to regard state claims outside of its ken, 28 U.S.C. § 1441 allows parties to pull federal cases out of state court. *Id.* A federal district court has removal jurisdiction in any case where it has original jurisdiction. *Id.* Citing *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (internal quotation marks omitted). Original jurisdiction, in non-maritime claims, lies where the conditions of 28 U.S.C. §§ 1331 [federal question] or 1332 [diversity] are satisfied. *Id.* Citing *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995); 28 U.S.C. §§ 1331 and 1332. If a plaintiff files suit in state court and asserts a federal cause of action or sues completely diverse defendants, the defendants might invoke § 1441 to remove the case to federal court. *Id.* With the right ingredients, § 1367 and § 1441 can combine to bring into federal court a state claim originally filed in state court. *Id.* Indeed, if a plaintiff files suit in state court alleging both federal and state claims arising out of the same controversy, the entire action may be removed to federal court. *Id.* Although this permitted removal of state and federal claims is simultaneous, it is useful to view it in steps: first, a party will use § 1441 to remove the civil action over which federal courts have original jurisdiction; and second, the party will invoke § 1367 to allow the state claims to piggyback the federal claims. *Id.*

When a plaintiff files an action in state court with no federal question or complete diversity, the original jurisdiction necessary for removal under § 1441 does not exist. *See id.* at 294. Congress specified that federal courts have removal jurisdiction under § 1441 only if the district court otherwise has "original jurisdiction" over the "civil action." *Id.* Quoting 28 U.S.C. § 1441(a). Section 1367 grants "supplemental jurisdiction" over state claims, not original jurisdiction. *Id.* Citing Section 1367(a). Supplemental jurisdiction does not provide an independent source of removal separate from Section 1441. *Motion Control Corp. v. SICK, Inc.*, 354 F.3d 702, 705 (8th

Cir. 2003); *accord Halmekangas*, 603 F.3d at 294. While Section 1367 does allow factually related state law claims to be joined with the claim over which the federal district court has original jurisdiction, it plainly does not provide a separate basis for removal of independent state law actions. *Id.* Before a case can be removed, a particular suit has to have a basis, in the complaint of that suit, on which it can be removed. *Weinrich v. Levi Strauss & Co.*, 366 F. Supp. 2d 439, 444 (S.D. Miss. 2005). Further, ancillary, or supplemental, jurisdiction under Section 1367(a) does not mention removal or authorize removal under 28 U.S.C. § 1441. *See Motion Control*, 354 F.3d. at 706. It does not provide the original jurisdiction required to qualify for removal under Section 1441. *Id.* Quoting *Syngenta Crop Prot. Inc. v. Henson*, 537 U.S. 28, 34 (2002).

### III. Discussion: Application to Plaintiffs' Claims

*The First-Filed Case*

To avoid inconsistent rulings and in an effort to bring these cases within the parameters of the current law on jurisdiction and improper joinder, the Court finds it necessary to revisit the issue of remand in the first-filed case. The same standard of review governing the plaintiffs' pleadings should be used in both cases. Furthermore, the Court emphasizes that if at any time before final judgment the Court determines that it lacks jurisdiction - even if this determination is made *sua sponte* - the Court must remand the case to state court. *See Grupo Dataflux*, 541 U.S. at 571 (challenges to subject matter jurisdiction can be raised any time prior to final judgment); *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999) ("[a] court *sua sponte* must raise the issue if it discovers it lacks subject matter jurisdiction"); *Free v. Abbot Laboratories, Inc.*, 164 F.3d 270, 272 (5th Cir. 1999) ("[c]ertainly a federal court must always be satisfied that subject matter

jurisdiction exists and must even raise the issue *sua sponte*.")  For these reasons, the Court now readdresses its jurisdiction over the first-filed case.

A.    Claims Against the Non-diverse Defendant and the Texas Insurance Code: Is Defendant a "Person" Subject to Liability within the Meaning of the Texas Insurance Code?

As discussed above, according to the pleadings and the Notice of Removal, Affiliated is the only non-diverse defendant named by plaintiffs.  The Original Petition states that Affiliated violated provisions of the Texas Insurance Code, specifically alleging violations of Section 541.060 of the Code, which governs unfair settlement practices.  *See Original Petition*, at pp. 10-11; *see also* TEX. INS. CODE § 541.060(a).

Section 541.003 of the Texas Insurance Code states that "[a] person may not engage in...an unfair or deceptive act in the business of insurance."  The word "person," however, does not refer to just anyone.  Section 541.002(2) of the Texas Insurance Code defines a person as "an individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster, or life and health insurance counselor."  TEX. INS. CODE § 541.002(2).  Thus, to be a "person" who may be liable for committing a deceptive act, the individual must be engaged in the business of insurance.

In *Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*[5], the Texas Supreme Court held that this statutory language is broad enough to permit a cause of action against an insurance agent, employee, or other representative who engages in unfair or deceptive acts or practices. *See Garrison*, 966 S.W.2d 482, 486-87 (Tex. 1998). In *Garrison*, the plaintiff specifically alleged that an agent misrepresented the amount of premium due under a policy, and the Texas Supreme Court held that an agent could be held liable for such a misrepresentation. *See id.* The *Garrison* Court determined that independent agents and brokers, as well as employees of insurance companies are "persons" under the Texas Insurance Code.[6] *Id. See also Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 383 (Tex. 2000). Texas law also clearly authorizes actions against insurance adjusters in their individual capacities. *See Broadway v. Brewer*, No. 4:08-CV-475, 2009 U.S. Dist. LEXIS 433358 (E.D. Tex. May 20, 2009) (Bush, J.) (citing *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007)). The Insurance Code provides that an "adjuster"[7] is included under the

---

[5]The Texas Supreme Court's opinion in *Garrison* interpreted provisions of Article 21.21 of the Texas Insurance Code, the predecessor statute to the sections of the Insurance Code at issue here. Article 21.21 was recodified as Chapter 541, effective April 1, 2005. *See* Act of June 21, 2003, 78th Leg., R.S., ch. 1274, § 1 (2003). The Texas Supreme Court has since noted that the Texas Legislature's recodification of the Texas Insurance Code involved "nonsubstantive revisions renumbering and reorganizing the Insurance Code." *Farmers Group, Inc. v. Lubin*, 222 S. W.3d 417, 422 n.11 (Tex. 2007). As no material changes were made in the provisions relevant to this suit, the Court will cite to the current Code. *See Mayorga v. Gov't Employees Ins. Co.*, No. C-09-339, 2010 WL 300350, 2010 U.S. Dist. LEXIS 4023 at *2 n.1 (S.D. Tex. Jan. 20, 2010) (citing *Lubin*, 222 S.W. 3d at 422 n.11 with regard to Chapter 541 of the current Code).

[6]In *Garrison*, the Texas Supreme Court did emphasize that "not every employee of an insurance company is a 'person' under [the Insurance Code] subject to suit." 966 S.W.2d at 486  To come within the statute, an employee must engage in the business of insurance. *Id.* An employee who has no responsibility for the sale or servicing of insurance policies and no special insurance expertise, such as a clerical worker or janitor, does not engage in the insurance business for purposes of Section 541 liability. *Id. See also Mayorga*, 2010 U.S. Dist. LEXIS 4023 at *7.

[7]In pertinent part, the Texas Insurance Code defines an adjuster as "an individual who... investigates or adjusts losses on behalf of an insurer as an independent contractor or as an employee of ...an insurer... [or]

(continued...)

definition of "person", as is an "agent." TEX. INS. CODE. § 541.002(2). *See also Jones v. Ace American Ins. Co.*, No. 1:06-CV-616, 2006 WL 3826998, 2006 U.S. Dist. LEXIS 93346 at *16-*17 (E.D. Tex. Dec. 22, 2006) (Crone, J.). Hence, an insurance adjuster, much like an insurance agent, can be subject to suit under the Insurance Code. *Jones*, at *17 (citations omitted); *Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 485-86 (Tex. 1998).

Therefore, although adjusters may be subject to liability under the Insurance Code as a general rule, it must be determined whether Affiliated, specifically, was a person engaged in the business of insurance with respect to the Terrrells' claims. *See, e.g., Jones*, 2006 U.S. Dist. LEXIS at *17-*18 (citing *Vargas v. State Farm Lloyds*, 216 F. Supp. 2d 643, 648-49 (S.D. Tex. 2002) (""[h]aving determined that insurance adjusters as a general matter are subject to [Texas Insurance Code] liability, the Court must now confront the factual inquiry of whether Defendant....in particular is a person engaged in the business of insurance with respect to [plaintiff's] claim")).

The plaintiffs' Original Petition states that Affiliated engages in the business of adjusting. *See Original Petition*, at p. 2. The claims against Affiliated are based upon alleged misrepresentations about coverage under the plaintiffs' policy and improper handling of the claim and settlement process. *Id.* at pp. 10-11. Taking the plaintiffs' statements in the Original Petition about Affiliated and its alleged role as adjuster as true,[8] the Court finds that Affiliated may be

---

[7](...continued)
supervises the handling of claims." TEX. INS. CODE § 4101.001(a). The Code also describes an agent as one who, among other things, solicits insurance on behalf of the insurer, receives or transmits other than on the person's own behalf an application for insurance or an insurance policy to or from the insurer, receives or transmits an insurance policy of the insurer, and receives , collects, or transmits an insurance premium. *See* TEX. INS. CODE § 4001.051(b) (setting forth acts constituting acting as agent and consequences of agent's actions).

[8]*See Travis*, 326 F.3d at 649 (the court must also take into account all unchallenged factual
(continued...)

considered a person engaged in the business of insurance with respect to the plaintiffs' claims. Even if the Court pierces the pleadings as it did when it first considered remand, the documentation provided by defendants in their original response to the plaintiffs' request for remand exhibits that Affiliated adjusted the plaintiffs' insurance claim. *See November 21, 2008, Letter from Affiliated Claims Services, Inc., to Ronnie L. Terrell, Exhibit C to Defendants' Response* (doc. # 10, filed August 20, 2009, in 1:09-CV-506).

B.   Texas Insurance Code claims:  Does the State Court Petition Allege Sufficient Facts to Support a Cause of Action against the Non-diverse Defendant?

Other courts have concluded that a non-diverse defendant was not improperly joined on Texas Insurance Code claims when a plaintiff's pleading ascribed specific conduct to the defendant, such as misrepresenting that a policy covers plumbing leaks and thereafter hiring a biased engineer[9]; misrepresenting that a policy provides 100 per cent coverage against mold damage[10]; misrepresenting that defendant was present at plaintiff's home to inspect mold damage and that mold damage did not exceed plaintiff's deductible[11]; and "fail[ing] to commission a reasonable engineering inspection and indoor air quality investigation of the Plaintiffs' home"[12].

---

[8](...continued) allegations, including those alleged in the complaint, in the light most favorable to the plaintiff).

[9] *Clark v. State Farm Lloyd's*, No. 3:01-cv-1471, 2001 U.S. Dist. LEXIS 19304, 2001 WL 1516762 (N.D. Tex. Nov. 26, 2001).

[10] *Hernden v. State Farm Lloyd's,* No. SA-05-CA-1103, 2006 U.S. Dist. LEXIS 16190,  2006 WL 870663 (W.D. Tex. Mar. 02, 2006).

[11] *Martin v. Chubb Lloyds Ins. Co. of Texas*, 2004 WL 2526425 (W.D. Tex, Oct. 21, 2004).

[12] *Killion v. Allstate Texas Lloyd's Co., et al.*, 2004 WL 612843, at *6 (S.D. Tex., Feb. 25, 2004).

Here, each of the plaintiffs' contentions regarding unfair settlement practice closely tracks the language of the various provisions of the Texas Insurance Code.[13] Albeit tenuous and not as specific as the situations cited above, the plaintiffs have pled conduct attributable to Affiliated which the Court now concludes sufficiently provides a reasonable basis to conclude that the plaintiffs might be able to recover against Affiliated under Texas law.

The plaintiffs aver that Affiliated made misrepresentations of material facts relating to coverage in violation of Section 541.060(a)(1) of the Texas Insurance Code, which makes "misrepresenting a...material fact or policy provision related to coverage" an unfair or deceptive act or practice under the Code. *See Original Petition*, at p. 10; TEX. INS. CODE § 541.060(a)(1). The plaintiffs also allege that Affiliated violated the Unfair Settlement Practices Act of the Insurance Code, which makes it unlawful to fail "to attempt in good faith to effectuate a prompt, fair and equitable settlement of...a claim with respect to which the insurer's liability has become reasonably clear." TEX. INS. CODE § 541.060(a)(2)(A). Relatedly, the plaintiffs claim that Affiliated failed to promptly provide the plaintiffs with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for [its] offer of a compromise settlement of the claim, in violation

---

[13]The Texas Insurance Code, Unfair Settlement Practices, states, in relevant part:
"It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary:
(1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;
(2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:
  (A) a claim with respect to which the insurer's liability has become reasonably clear;
                                        ***
(3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;
(4) failing within a reasonable time to:
  (A) affirm or deny coverage of a claim to a policyholder; or
  (B) submit a reservation of rights to a policyholder... [and]
(7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim;" TEX. INS. CODE ANN. § 541.060(a)(1),(2)(A),(3), (4)(A)&(B), and (7).

of Section 541.060(a)(3) of the Texas Insurance Code. *See Original Petition* at p. 10; *see also* TEX. INS. CODE § 541.060(a)(3). The plaintiffs further contend that Affiliated failed to affirm or deny coverage of the plaintiffs' claim within a reasonable time. *See Original Petition*, at p. 10. This is alleged to be in violation of Section 541.060(a)(4), which makes "failing within a reasonable time to... affirm or deny coverage of a claim to a policyholder" an unfair or deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4)(A). Finally, the plaintiffs contend that Affiliated failed to conduct a reasonable investigation of their claim in violation of Section 541.060(a)(7) of the Texas Insurance Code. *See Original Petition*, at p. 10; *see also* TEX. INS. CODE. § 541.060(a)(7).

The Court concludes that this recitation of the causes of action against Affiliated complies with the Texas pleading standards by putting Affiliated on notice of the claims against it, and by pleading a reasonable basis for recovery. This is not a case in which the non-diverse defendant is grouped with the insurer defendant collectively, and referred to as "defendants," as has been the situation in other pleadings before this Court when remand was denied based upon improper joinder. *See, e.g., McCord v. Prudential Ins. Co. of Am.*, No. 1:10-CV-413, *Memorandum Order and Opinion re Remand* (doc. #40, Feb. 10, 2011); *see also Taj Properties, LLC v. Zurich Am. Ins. Co.*, No. H-10-2512, 2010 WL 4923473, 2010 U.S. Dist. LEXIS 125357 at *11-*12 (S.D. Tex. Nov. 29, 2010) ("[a]llegations merely asserted against "Defendants" without alleging what facts are attributable to the adjuster individually as opposed to the insurance company do not provide a reasonable basis for recovering from the adjuster"). Here, as set forth above, the plaintiffs have set forth conduct - while not specific[14] - which is attributable to Affiliated directly. The plaintiffs make

---

[14]*See, e.g., Escuadra*; 2010 U.S. Dist LEXIS 94301 at *41 (plaintiff's state court petition "proffered,
(continued...)

-33-

statements about its involvement in the handling of their claim under the Policy, the denial of coverage, and alleged wrongful settlement practices regarding their claim. While these allegations may not pass muster under the Federal Rule of Civil Procedure 12(b)(6) pleading and "factual fit" requirements, under the Texas pleading standards, this puts Affiliated on fair notice of the allegations against it, including the claimed conduct giving rise to the alleged Insurance Code violations. This is sufficient to establish the possibility of a claim against Affiliated under the Texas Insurance Code. Although the allegations may not be the model of specificity as to the what, when and how of the alleged Code violations, they do rise above mere legal conclusions. In the context of claims asserted against Texas insurance adjusters, district courts, including this Court, have found that similar combinations of limited factual allegations and conclusory legal statements provide a reasonable basis for predicting recovery under Texas law. *See Edwea,* 2010 U.S Dist. LEXIS 129582 at \*24-\*27 (citing *Davis v. Travelers Lloyds of Tex. Ins. Co.*, Civ. A. No. H-09-2260, 2009 U.S. Dist. LEXIS 89676, 2009 WL 3255093, at \*7 (S.D. Tex. Sept. 29, 2009); *Harris v. Allstate Tex. Lloyd's*, Civ. A. No. H-10-0753, 2010 U.S. Dist. LEXIS 43114, 2010 WL 1790744, at \*3 (S.D. Tex. Apr. 30, 2010); *Leisure Life Senior Apartment Hous. II, Ltd. v. Lloyds of London*, Civ. A. No. H-09-3067, 2009 U.S. Dist. LEXIS 105665, 2009 WL 3834407, at \*2 (S.D. Tex. Nov. 12, 2009); *Rodriguez v. Standard Guar. Ins. Co.*, Civ. A. No. H-10-3065, 2010 U.S. Dist. LEXIS 124074, 2010 WL 4877774, at \*2 (S.D. Tex. Nov. 23, 2010)); *see also Dartez v. Allstate Ins. Co.*, No. 1:10-CV-427 (doc. #24, E.D. Tex. Feb. 17, 2011).

Therefore, under the circumstances here, the Court finds that the defendants did not establish that there is no possibility that the plaintiffs will be able to establish a cause of action against the

[14](...continued)
albeit barely, a plausible claim").

-34-

non-diverse defendant or that there exists "no reasonable basis...to predict that the plaintiff[s] might be able to recover against [Affiliated]" on the Texas Insurance Code claims as pled in the Original Petition. *Smallwood*, 385 F.3d at 573; *see also Cavallini*, 44 F.3d at 259. While it has not been conclusively shown that Texas law would impose liability on Affiliated in this situation, the Court is unable to conclude that the plaintiffs cannot possibly recover against Affiliated under the Texas Insurance Code. *See Jones*, 2006 U.S. Dist. LEXIS 93346 at *22. Taking the plaintiffs' pleadings as true, the Court cannot predict with absolute certainty that a Texas court would summarily dismiss the causes of action asserted against Affiliated. Id. Quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 554 (5th Cir. 1981). The undersigned re-iterates that the pled allegations need not irrefutably establish that Texas law will impose liability on Affiliated. *See Davis v. Travelers Lloyds of Tex. Ins. Co.*, No. H-09-2260, 2009 WL 3255093, 2009 U.S. Dist. LEXIS 89676 at *16-*17 (S.D. Tex. Sept. 29, 2009). The Court recognizes the defendants' vehement and persistent contention that the plaintiffs' allegations against all of the adjuster defendants are wholly frivolous. However, at this point, the plaintiffs are not required to make a showing on the merits establishing that Texas law imposes liability on those defendants. Rather, the defendants' duty is to show with certainty that the plaintiffs have *no possibility* of recovery against Affiliated in light of the facts presented and the inference that this Court is required to deduce from such facts. *See id.* (Emphasis in original). Accordingly, the Court concludes that the plaintiffs' claims under the Texas Insurance Code against Affiliated stand as pled for purposes of remand and it was not improperly joined on these claims under the relevant analysis. The Court must therefore conclude that it should not have exercised diversity jurisdiction in finding that Affiliated was improperly joined, and the first-filed case should be remanded to state court.

*The Second Case*

The Court now turns to the pending motion to remand addressing jurisdictional flaws in the second case. Having already found that this Court improperly exercised jurisdiction over the first-filed case, the undersigned must determine whether the second case has an independent, proper basis for removal. The undersigned concludes that it does not.

In the second case, the defendants premised their Notice of Removal/Intervention solely on 28 U.S.C. § 1367(a), requesting that this Court "join" the two cases and assert jurisdiction over the second case by virtue of diversity jurisdiction in the first-filed case. The Court has found that it lacks diversity jurisdiction in the first-filed case. Accordingly, the statutory basis supporting removal as argued by the defendants is now moot.

Furthermore, even if the Court retained the first-filed case, the removal in the second case would still be improper. The second case was improvidently removed because that proceeding itself lacks original jurisdiction and supplemental jurisdiction is not an independent basis for removal. Section 1367(a) only permits federal courts to hear state claims that travel with federal claims in the *same* lawsuit. *See Halmekangas*, 603 F.3d at 293 (emphasis added). A federal district court has removal jurisdiction *only* in cases where it has original jurisdiction. *See id.* This Court cannot assert original jurisdiction over either of the Terrells' cases. Both suits involve non-diverse defendants. The Court has now determined that Affiliated was not improperly joined in the first-filed case. The only statutory basis for removal cited in the second case is supplemental jurisdiction under Section 1367(a). The defendants do not allege improper joinder in their Notice of Removal/Intervention. They only cite Section 1367(a) and generally contend that the Terrells' claims against the non-diverse defendants are frivolous. *See e.g. Keene v. Auto Owners Ins. Co.*,

78 F. Supp. 2d 1270, 1274 (S.D. Ala. 1999) (quoting *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996)). ("The supplemental-jurisdiction statute is not a source of original subject-matter jurisdiction, and a removal petition therefore may not base subject-matter jurisdiction on [section 1367], even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction, and even if removal would be efficient"); *see also Smallwood*, 385 F.3d at 573 (the focus of any improper joinder analysis must be on the joinder, not the merits). The mere reliance on supplemental jurisdiction coupled with allegations about the frivolousness of the Terrells' claims do not give rise to subject matter jurisdiction. It is the defendants' burden as the removing party to establish the existence of federal jurisdiction and that removal was proper. *See Manguno*, 276 F.3d at 723. Without original jurisdiction over the Terrells' claims under either 28 U.S.C. §§ 1331 or 1332 in the first-filed case, the Court cannot exercise supplemental jurisdiction over the Terrells' claims in the second case.[15]

---

[15]The Court finds United States District Judge William H. Barbour, Jr.'s opinion in the *Weinrich* case instructive here. Much like this situation, *Weinrich* involved two separate cases with identical facts, but the second case involved new state claims filed in state court. Judge Barbour explained:

"It is true that the facts of *Weinrich I* are identical to the facts of *Weinrich II*. Nevertheless, Plaintiff remains master of his own Complaint, and he retains the power to put forth the specific claims he desires on a given state of facts...[n]othing precludes Plaintiff from now pursuing these state law claims in a separate action in state court. And just because the facts underlying *Weinrich I* are identical to the facts underlying *Weinrich II*, Defendants cannot use this circumstance as a basis on which to 1) dictate to Plaintiff what claims he pursue in *Weinrich II* and, 2) on the basis of that dictation, remove *Weinrich II* to federal court...[t]he Court understands that this conclusion produces an odd result. But the federal court system cannot preclude Plaintiff from bringing those claims in state court. The state court system has its own rules to deal with what has transpired. The Court cannot begin to accept removed cases every time a state court suit has claims that are conceivably "related to" claims in a federal suit. Before accepting the removed case, there simply must be a basis on which it could be removed in the first place."

*Weinrich v. Levi Strauss & Co.*, 366 F. Supp. 439, 445 (S.D. Miss. 2005).

Even if the defendants had asserted diversity jurisdiction as a basis for removal, which they did not, the Court still cannot predict that there is no reasonable basis for recovery against the non-diverse defendants in the second case for the same reasons as discussed above. Nevertheless, the defendants failed to meet their burden in establishing that federal jurisdiction existed at the time of removal as they only averred that supplemental, not original, jurisdiction existed. The applicable case law makes clear that Section 1367(a) alone does not provide an independent basis for removal. Therefore, the second case was improvidently removed to this federal court and must also be remanded to the state court from which it was removed.[16]

**Conclusion and Order**

Based on the findings, analysis, and legal conclusions set forth herein, the Court finds that the removing defendants have not established that the plaintiffs' state court petition in 1:09-CV-506 provides "no reasonable basis for the district court to predict that the plaintiff[s] might be able to recover against an in-state defendant." *Smallwood*, 326 F.3d at 573. The Court further finds that the non-diverse defendant was not improperly joined. Accordingly, the Court lacks subject matter jurisdiction as complete diversity of citizenship does not exist. Removal of the plaintiffs' claims in case number 1:09-CV-506 was improper.

The Court also concludes that the defendants have not established that this Court can exercise jurisdiction over the second case, 1:10-CV-564, because original jurisdiction is also lacking in that case. The Court further concludes that the cited basis for removal in 1:10-CV-564,

---

[16]As discussed above, the consolidation of the two cases is also not a proper basis for exercising or declining jurisdiction solely by virtue of the two cases being consolidated. Even if the Court could properly exercise diversity jurisdiction over the first-filed case, the removal is still incorrect in the second case. Each case requires a separate inquiry, as the Court has set forth herein.

supplemental jurisdiction, does not bestow jurisdiction on this Court because supplemental jurisdiction does not provide an independent basis for removal. The Court therefore lacks subject matter jurisdiction over the Terrells' claims in the second case and removal of that case from state court was also improper.

The undersigned United States Magistrate Judge therefore **ORDERS** that the motion to remand (doc. #11 in 1:10-CV-564) is **GRANTED**.

The Clerk of Court is directed to **REMAND** both proceedings, 1:09-CV-506 and 1:10-CV-564, to the 163rd District Court of Orange County, Texas, from which both were removed, in accordance with the usual procedure provided by the Local Rules for the Eastern District of Texas. The Court further **ORDERS** that all pending motions in both cases not addressed herein are **DENIED as MOOT**, without prejudice to re-file.

**SIGNED this the 24th day of June, 2011.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE